**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARTIN MORENO RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  20-3224 (UNA) |
| | ) | |
| MICHAEL R. POMPEO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and his *pro se* complaint.  Plaintiff claims an entitlement to a reward of $36 million for information he provided "lead[ing] to the localization, arrest and conviction of all suspect criminals (Osama Bin Laden) who conspire knowingly aiding, order, planning, master mind, and carry through the September 11, 2011 terrorist attacks against the World Trade Center – twin towers of New York, N.Y."  Compl. at 4 (page number designated by CM/ECF); *see id*. at 5-6.

To the extent plaintiff states a viable claim against the federal government, it appears that his claim would proceed under the Tucker Act, *see* 28 U.S.C. § 1491(a)(1), in the United States Court of Federal Claims, *see Mendez v. United States*, 121 Fed. Cl. 370, 383 (Fed. Cl. 2015) (finding that informant's "non-frivolous allegations of a contract that underlies his breach claims" may proceed in Court of Federal Claims under Tucker Act); *Stack v. United States*, 25 Cl. Ct. 634, 637 (Cl. Ct. 1992) (concluding that U.S. Claims Court had jurisdiction over breach of contract claim brought by plaintiff who alleged that Internal Revenue Service agreed to pay reward in exchange for tax information about corporation), *aff'd,* 983 F.2d 1088 (Fed. Cir.

1992); *see also* 28 U.S.C. § 1346(a)(1) (limiting district court jurisdiction to "[a]ny civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort").  For this reason, the Court must dismiss the complaint and this civil action for lack of subject matter jurisdiction.  An Order is issued separately.


DATE: November 19, 2020                    /s/
                                           KETANJI BROWN JACKSON
                                           United States District Judge